1   Vincent Y. Lin (SBN: 201419)
    LAW OFFICE OF VINCENT Y. LIN
2   17700 Castleton Street, Suite 263
    City of Industry, CA 91748
3   Tel: (626) 935-0929
    Fax: (626) 935-0380
4
    Attorney for Plaintiff
5   A&A International Apparel Inc.
                                    · NOTE CHANGES MADE BY THE COURT.
6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

   A&A INTERNATIONAL APPAREL INC., )   No. CV15-00644-GW (AGRx)
11                                  )
                                    )
12            Plaintiff,            )   **STIPULATION AND**
                                    )   **PROTECTIVE ORDER FOR**
13       v.                         )   **LITIGATION**
                                    )
14                                  )
   YAN NA "ANNA" XU; JIN LIANG LI;  )
15 ROSA MARIA CHAVOLLA; FASHION     )
   POWER, INC.; SONGLAN ZHEN; SEXY  )
16 COUTURE, INC.; LI ZHEN LI; ABCO  )
   INTERNATIONAL FREIGHT (USA)      )
17 INC.; SHERMIN KONG; CARNIVAL     )   NOTE CHANGES MADE BY THE COURT.
   DRAGON (USA) CORPORATION; ZHEN   )
18 SUN LI; KAIPING JIAYI LONGHENG   )
   GARMENT CO., LTD.; and DOES 1    )
19 through 10, inclusive,           )
                                    )
20            Defendants.           )
                                    )
21

22       In order to protect the confidentiality of and the rights to

23  information, documents, materials, items, things, information,

24  deposition testimony and exhibits, written discovery and

25  discovery responses, court proceedings and filings and lodgings,

26  and other such matters developed and disclosed in connection with

27  this litigation, and in order to facilitate discovery by and

28  among the stipulating parties and non-parties:

                                    1

1     THE STIPULATING PARTIES HEREBY STIPULATE as follows:

2     1. All information, documents, materials, items, things,

3  information, deposition testimony and exhibits, written discovery

4  and discovery responses, ~~court proceedings and filings and~~

5  ~~lodgings,~~ and other such matters (or portions thereof) ~~filed or~~

6  ~~lodged or otherwise used in the Court or~~ produced either by a

7  stipulating party or by a non-party as part of discovery in this

8  action shall be governed by this Protective Order.

9     2. A stipulating party (hereinafter "Designated Party") may

10  designate as "CONFIDENTIAL" proprietary information, documents,

11  materials, items, things, information, deposition testimony and

12  exhibits, written discovery and discovery responses, ~~court~~

13  ~~proceedings and filings and lodgings,~~ and other such matters

14  ~~filed or lodged or otherwise used in the Court or~~ produced as

15  part of discovery in this action. As a general guideline,

16  materials designated "CONFIDENTIAL" shall be those materials

17  which the Designating Party believes, in good faith, contain

18  trade secret or other highly confidential business information of

19  a proprietary or technical nature, which materials the

20  Designating Party believes, in good faith, to contain

21  information, the disclosure of which is likely to cause harm to

22  the competitive position of the Designating Party..

23     3. All information, documents, materials, items, things,

24  information, deposition testimony and exhibits, written discovery

25  and discovery responses, ~~court proceedings and filings and~~

26  ~~lodgings,~~ and other such matters ~~filed or lodged or otherwise~~

27  ~~used in the Court or~~ produced as part of discovery in this action

28  designated "CONFIDENTIAL" hereafter are collectively referred to

1   as "Confidential Material."  Except as may be otherwise provided

2   by this Order or by further order of the Court or further

3   stipulation as to the Confidential Material, as well as the

4   matters contained therein, and extracts and summaries thereof,

5   shall be used for no purpose other than prosecuting or defending

6   the above-captioned action and shall be disclosed only to the

7   persons identified in paragraph 7 below.  In no event shall any

8   person receiving Confidential Material use it for commercial or

9   competitive purpose or make public disclosure of the contents

10  thereof.  However, nothing contained in this Protective Order

11  shall affect the right of the Designating party to disclose or

12  use its own Confidential Material, nor will it be construed as a

13  limitation on a party's ability to show material designated by

14  another party as "CONFIDENTIAL" to that Designating Party,

15  including any present employee thereof.

16       4.   Pursuant to this Protective Order, Confidential

17  Materials will be designated and marked as follows:

18       a.   Documents:  Materials may be designated as Confidential

19  Material by placing the following legend, or equivalent thereof,

20  on any such document:  "CONFIDENTIAL."   Such legend shall be

21  placed upon the first page of each document containing

22  Confidential Material and upon each page within such document

23  considered to contain Confidential Material.

24       b.   Magnetic Media Documents:  Where materials are produced

25  in a magnetic media (such as floppy diskette or tape) or in

26  optically readable media, the medium contained shall be marked or

27  stickered with an appropriate confidentiality notice as described

28  in paragraph 4(a) above.  To the extent that any party prints out

1  any of the material contained on magnetic media that is

2  designated as Confidential Material, such printouts will be

3  marked as described in paragraph 4(a) above.

4      c.  Physical Exhibits:  The confidential status of a

5  physical exhibit shall be indicated by placing a label on said

6  physical exhibit with the appropriate confidentiality notice as

7  described in paragraph 4(a) above.

8      d.  Written Discovery:  In the case of information

9  incorporated in responses (to interrogatories, requests for

10  admissions, demands for inspection, or written depositions), the

11  appropriate confidentiality notice as described in paragraph 4(a)

12  above shall be placed on each response that contains Confidential

13  Material.

14      e.  Deposition Proceedings:  Designation of portions, or the

15  entirety, of deposition transcripts (including but not limited to

16  testimony and exhibits) as "CONFIDENTIAL" shall be made by a

17  statement to such effect on the record in the course of the

18  deposition, or upon review of such transcript by counsel for the

19  Designating Party and for good cause within (20) business days

20  after counsel's receipt of the transcript.

21      Upon designation of the transcript on the record, during the

22  deposition, the deposition containing confidential material shall

23  continue in the absence of all persons to whom access to said

24  confidential material has been denied under the terms of this

25  Protective Order.  The court reporter or other person recording

26  the proceedings shall segregate any portion of the transcript of

27  the deposition or hearing which has been stated to contain

28  Confidential Material and may furnish copies of these segregated

1  portion, in a sealed envelope, only to the deponent, to the

2  Court, and to counsel for the parties bound by the terms of this

3  Protective Order.

4      With regard to designations made within twenty (20) business

5  days after receipt of the deposition transcript of a deposition,

6  counsel shall make such designations only for good cause, and

7  shall send written notice to the Court reporter, to counsel for

8  the parties, and to any other person known to have a copy of said

9  transcript.  The notice shall reference this Protective Order,

10  identify the appropriate level of confidentiality, and identify

11  the pages and/or exhibits so designated.  All copies of

12  transcripts designated in this fashion shall be marked with a

13  notice indicating the appropriate level of confidentiality of the

14  material and shall be governed by the terms of this Protective

15  Order

16      5.  A Designating Party that inadvertently fails to mark an

17  item as Confidential Material at the time of production shall

18  have ten (10) days thereafter in which to correct its failure.

19  Such correction and notice thereof shall be made in writing,

20  accompanied by substitute copies of each item, appropriate marked

21  as Confidential Material.  Within ten (10) calendar days of

22  receipt of the substitute copies, the receiving party shall

23  return or destroy the previously unmarked items and all copies

24  thereof.  A Designating Party that fails to correct an error

25  relating to the designation of Confidential Material within the

26  required ten (10) day period shall thereafter be permitted an

27  opportunity to correct such error only upon a showing of good

28  cause.

1    6.   Protests of the designation of Confidential Material

2 will occur only as follows:

3        a.   If a party believes that materials designated

4 "CONFIDENTIAL" is not in fact the proper subject matter for such

5 designation, or should be reclassified or revealed to an

6 individual not otherwise authorized to have access to such

7 material under the terms to this Protective Order, then such

8 party shall provide to the Designating Party written notice of

9 its disagreement with the designation.   The parties shall then

10 attempt to resolve such dispute in good faith on an informal

11 basis.

12       b.   If the parties are unable to resolve their dispute

13 informally, then the party challenging the designation may

14 request appropriate relief from the Court.   It shall be the

15 burden of the Designating Party to establish that the contested

16 material is Confidential Material and appropriately designated.

17 In any event, unless and until a Court ruling is obtained

18 changing a designation, or the Designating Party agrees otherwise

19 in writing, the materials involved shall be treated as

20 Confidential Material with the designation assigned by the

21 Designating Party.   In the case that a party requests relief from

22 the Court under this subparagraph, the Court ~~shall~~ may impose

23 sanctions against the unsuccessful party ~~unless the Court finds~~

24 ~~that the one subject to the sanction acted with substantial~~

25 ~~justification or that other circumstances make the imposition of~~

26 ~~the sanction unjust.   The preceding sentence shall be interpreted~~

27 ~~in accordance with the provisions of the Civil Discovery Act,~~

28



6



1   ~~codified sections 2016.010 et seq. of the Code of Civil~~
2   ~~Procedure.~~

3        7.   Absent advance written consent from the Designating
4   Party, material designated "CONFIDENTIAL" or information derived
5   therefrom may only be disclosed or made available to the
6   following persons in this action:
7             a.   stipulating parties;
8             b.   witnesses who have actual knowledge of the specific
9   Confidential Material to which they are witnesses (however
10  witnesses who are shown Confidential Material shall not be
11  allowed to retain copies of the Confidential Materials), provided
12  that any such person shall execute a written agreement that he
13  has received and read and understood a copy of this Protective
14  Order and agrees to abide by its terms before receiving any
15  Confidential Material;
16       c.   authors, recipients, and referenced subjects of
17  Confidential Material, provided that any such entity or person
18  shall execute written agreements that each has received and read
19  and understood a copy of this Protective Order and agrees to
20  abide by its terms before receiving any Confidential Material;
21       d.   the attorneys for parties including their associates,
22  agents and employees - insofar as those attorneys, associates,
23  agents, and employees do not also constitute attorneys,
24  associates, agents, or employees of said party outside of the
25  attorney-client relationship necessitated by representation in
26  this litigation;
27       e.   experts or consultants retained by any party or its
28  counsel in connection with the subject matter of this action,

1  provided that any such experts or consultants shall execute
2  written agreements that each has received and read and understood
3  a copy of this Protective Order and agrees to abide by its terms
4  before receiving any Confidential Material;
5      f.  the Court, pursuant to paragraph 12 of this Protective
6  Order;
7      g.  outside copy services and their employees used to make
8  copies of discovery materials;
9      h.  third-party contractors involved in providing litigation
10  support, provided that any such contractors shall execute the
11  Certification annexed to this order before receiving any
12  Confidential Material; and
13      i.  court reporters who record testimony taken in the course
14  of this litigation.
15      8.  Individuals and entities permitted access pursuant to
16  paragraph 7 hereof to Confidential Materials, or any parts
17  thereof, ~~are hereby ordered~~ other than the Court, may not ~~to~~ show, convey or reproduce any
18  such documents or things, or any parts thereof, or any copies
19  thereof, or any matters contained herein, or any extracts or
20  summaries thereof, to any individual or entity who does not
21  otherwise have access to Confidential Materials under the
22  provisions of this Protective Order.
23      9.  Any ~~person~~ party receiving Confidential Material under the
24  terms of this Protective Order hereby agrees to subject himself
25  or herself to the jurisdiction of this Court for purposes of any
26  proceedings relating to the performance under, compliance with or
27  violations of this Protective Order.
28



1    10.   Any *party* ~~person~~ who receives any Confidential Material shall

2  maintain such materials in a secure and safe area and shall

3  exercise due and proper care with respect to the storage,

4  custody, use and/or dissemination of such material.

5    11.  As to each entity or person that is required to execute

6  a written agreement that he has received and read and understood

7  a copy of this Protective Order and agrees to abide by its terms

8  before receiving any Confidential Material, such agreement shall

9  be retained by counsel for the party so disclosing the

10  Confidential Material and made available for inspection by

11  opposing counsel during the pendency of and after termination of

12  this action only upon good cause shown and upon order of the

13  Court.  Counsel retaining such agreement may interpose any

14  appropriate work product privilege objection to inspection by

15  opposing counsel.  If the parties are unable to resolve their

16  dispute informally, then the party challenging the objection may

17  request appropriate relief from the Court.  It shall be the

18  burden of the party asserting the privilege to justify the

19  assertion.  In the case that a party requests relief from the

20  Court under this paragraph, the Court ~~shall~~ *may* impose sanctions

21  against the unsuccessful party ~~unless the Court finds that the~~

22  ~~one subject to the sanction acted with substantial justification~~

23  ~~or that other circumstances make the imposition of the sanction~~

24  ~~unjust.  The preceding sentence shall be interpreted in~~

25  ~~accordance with the provisions of the Civil Discovery Act,~~

26  ~~codified sections 2016.010 et seq. of the Code of Civil~~

27  ~~Procedure.~~

28



1     12.   Submission of the Confidential Material to the Court

2  shall only be as follows:

3     a.  ~~Confidential Material shall state on~~ The first page of *shall state*

4  the pleading ~~containing such Confidential Material~~ that it

5  contains Confidential Material and ~~is submitted under seal. All~~ *shall be filed with an application*

*AGR*  6  ~~papers filed or lodged or otherwise used in opposition or reply~~ *to file under seal pursuant to Local Rule 79-5.*

7  ~~to any sealed motion, which opposition or reply discusses,~~

8  ~~describes or quotes any portion of the contents of such sealed~~

9  ~~motion, shall itself be filed under seal. All documents,~~

10  ~~exhibits or papers filed or lodged or otherwise used in~~

11  ~~connection with any proceeding relating to compliance with,~~

12  ~~performance under, construction or violation of this Protective~~

13  ~~Order shall be filed under seal.~~

14     b.  A party who files or lodges or otherwise uses any paper,

15  pleading or exhibit containing Confidential Materials shall

16  submit it to the Court ~~in a sealed envelope which bears the~~ *in the format set forth in Local Rule 79-5.2.2.*

*AGR* 17  ~~caption of this case and a legend as follows: CONFIDENTIAL~~

18  ~~FILED SUBJECT TO COURT ORDER. THE PAPERS IDENTIFIED ABOVE AND~~

19  ~~CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL,~~

20  ~~ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THIS COURT, AND MAY~~

21  ~~NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT, OR PURSUANT TO~~

22  ~~COURT ORDER.~~

23     c.  ~~Any Confidential Material, if filed with the Court, and~~ *[Intentionally Omitted]*

*AGR* 24  ~~any brief referring to such Confidential Material, shall be kept~~

25  ~~by the Clerk under seal.~~

26     13.  In the event that any Confidential Material is used in

*AGR* 27  ~~any~~ *nondispositive* pre-trial proceedings in this litigation (including but not

28  limited to conferences, oral arguments, or hearings), the

1  Confidential Material shall not lose its confidential status
2  through such use, and the parties shall take all steps reasonably
3  required to protect the confidentiality of the Confidential
4  Material during such use, including, but not limited to,
(AGR) 5  requesting in camera proceedings. The terms of this Protective
6  Order do not preclude, limit, restrict, or otherwise apply to the
7  use of the documents at trial.  The parties will meet and confer
8  in good faith prior to trial to establish procedures of the use
9  of Confidential Material at trial. *Confidential material used at*
*trial will become public absent a separate Court order*
(AGR) 10  agreement, will submit any such trial dispute to the Court for
*upon motion with sufficient cause shown.*
11  resolution.
12      14.  If any Confidential Material is disclosed to any person
13  other than in a manner authorized by this Order, the party
14  responsible for the disclosure, or who has knowledge of such
15  disclosure, upon discovery of the disclosure, shall immediately
16  inform the Designating Party of all facts pertinent to the
17  disclosure that, after due diligence and prompt investigation,
18  are known to the party responsible for the disclosure, or who has
19  knowledge of the disclosure (including the name, address and
20  employer of the person to whom the disclosure was made), and
21  shall immediately make all reasonable efforts to prevent further
22  disclosure by each unauthorized person who received such
23  information.
24      15.  If a deponent refuses to agree to the non-disclosure
25  provisions of this Order, disclosure of Confidential Material
26  during the deposition shall not constitute a waiver of
27  confidentiality.  In such a case, the deposing party may only
28  disclose its own Confidential Material, and not that of other

11

1  stipulating parties.  Under such circumstances, prior to showing

2  the document to the deponent, the parties will meet and confer in

3  good faith to establish procedures for the use of Confidential

4  Material during the deposition of the deponent who refuses to

5  agree to the non-disclosure provisions of this Order.

6       16.  This Protective Order shall not, in itself:

7       a.  constitute a waiver of any stipulating party's right to

8  seek at a future time relief from the Court for an order

9  restricting access to specific documents designated as

10 Confidential Material to a more limited group of individuals or

11 entities than defined in paragraph 7 hereof, or granting access

12 to specific documents designated as Confidential Material to

13 specific individuals; or

14      b.  be construed as an admission or agreement that any

15 document designated as Confidential Material, in fact, is

16 Confidential Material, or otherwise is entitled to any protective

17 relief whatsoever; or

18      c.  be construed to waive any applicable privilege, work-

19 product privilege, or other protection or to affect the ability

20 of a party to seek relief for an inadvertent disclosure of

21 material protected by privilege, work-product protection, or

22 other protection.

23      17.  At the conclusion of the litigation between the

24 stipulating parties, including the running of any time to appeal,

25 a Designating Party shall send written notice within ninety (90)

26 calendar days to any party in possession of Confidential

27 Material, other than that which is contained in pleading,

28 correspondence and deposition transcripts to request either the

1  (a) return of such documents no later than thirty (30) calendar
2  days after service of such written notice, or (b) destruction of
3  such documents within the same thirty (30) calendar day time
4  period.
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

18.   As stated previously, when challenged it shall be the burden of the Designated Party to establish that the contested materials are Confidential Material and properly designated as "CONFIDENTIAL." Each stipulating party also reserves the right to apply to the Court to modify the terms of this Order in the event the party believes it to be necessary.  In the event such an application is made, the parties ~~all persons described herein~~ shall be bound by this Order until it is modified by the Court.

I agree to the foregoing.

DATED: 9/8/15

LAW OFFICES OF VINCENT Y. LIN

By: Vincent Y. Lin
Attorney for Plaintiff
A&A International Apparel Inc.

DATED: 9/9/15

LAW OFFICES OF DAVID S. LIN

By: David S. Lin
Attorney for Defendants
Yan Na "Anna Xu, Jin Liang Li,
Rosa Maria Chavolla, Fashion
Power, Inc., Songlan Zhen,
Sexy Couture, Inc., and Li
Zhen Li

DATED: 9/10/15

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: Daniel H. Lee
Attorney for Defendants
ABCO International Freight
(USA) Inc. and Shermin Kong

14

1   I agree to the foregoing Protective Order For Litigation signed by the litigants herein

2   Dated:   February 17, 2016                                    THE BECKER LAW GROUP

3

4

5

6                                              TODD A. FUSON, ESQ.
                                               Attorneys for Defendants and Cross-
7                                              Complainants Kaiping Jiayi Longheng
                                               Garment Co., Ltd., Zhen Sun Li, Carnival
8                                              Dragon (USA) Corp.

9

10

11

12   IT IS SO ORDERED.

13   DATED: 2/19/16

14   Alicia G. Rosenberg

15   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28